[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Pursuant to an Order entered on February 12, 1992, the Superior Court, the Honorable Robert D. Krause presiding, approved the application of Maurice C. Paradis, then Director of the Department of Business Regulation, as Receiver of Heritage Loan and Investment Company ("Receiver") to have the Court appoint a master with respect to claims relating to "off-line" deposit accounts at Heritage Loan and Investment Company ("Heritage"). See the Order dated February 12, 1992. As a result of said Order, William J. McAtee, Administrator/Master of the Superior Court was appointed as Master in the above-captioned receivership.
The Order provided that the Master:
 "is appointed . . . for the purpose of hearing and determining the claims filed with the Receiver relating to `off-line' deposit accounts, which claims shall be deemed to include claims to funds evidenced by handwritten or typewritten savings passbooks, claims to funds alleged to have been withdrawn without the depositor's authority to do so, claims to funds evidenced by safekeeping receipts, and claims to any funds which are not verifiable on the computer records maintained by Heritage Loan and Investment Company;"
 "That Master McAtee shall have all of the powers of a Justice of the Superior Court with respect to the hearings and determination of `off-line' deposit account claims, including, without limitation, those powers enumerated in Rhode Island General Laws § 8-2-11.1 (1985 Reenactment)."
R.I.G.L. 8-2-11.1 provides, in pertinent part, that:
 "Such administrator/master may be authorized: (1) To regulate all proceedings before him; (2) To do all acts and take all measures necessary or proper for the efficient performance of his duties; (3) To require the production before him of books, papers, vouchers, documents and writings; (4) To rule on the admissibility of evidence; (5) To issue subpoenas for the appearance of witnesses, to put witnesses on oath, to examine them and to call parties to the proceeding and examine them under oath;"
In accordance with the above, a hearing was held on the above referenced claim on July 2, 1992. At the conclusion of the hearing, the parties submitted Post-Hearing Memoranda.
The facts in this claim are not in dispute. An account numbered 01-12-001745 was opened at Heritage in the name of Mario Falsco. Later, in either 1987 or 1989, the name of Emanuele DiMundo was added to the account and that from that point on, the account was held under the title "Mario Falsco or Emanuele DiMundo." As of November 18, 1990, the account had a balance in the amount of $96,293.06.
The present claim has been asserted by Emanuele DiMundo for the above named account. No claim has been filed by Mario Falsco and counsel for DiMundo do not represent anyone other than Emanuele DiMundo.
A hearing was held on July 2, 1992 at which time claimant's attorneys indicated that they would rely on legal argument and that no testimony would be presented. Therefore, the one remaining legal issue is whether claimant is entitled to the entire account or, as claimed by the Receiver, only to one half of the account.
Claimant maintains that he is entitled to the entire balance of the account and points to R.I.G.L. § 19-11-4 and R.I.G.L. § 19-20-20 in support of that position. Specifically, R.I.G.L. § 19-20-20 states in pertinent part:
 "When a deposit has been or shall be made in any corporation organized under this chapter in the name of two (2) persons and payable to either or to the survivor, such deposit, or any part thereof, or any interest thereon, may be paid to either of such persons whether the other be living or not, or to the guardian, executor, or an administrator of the survivor of them, and the receipt of the person so paid shall be valid and sufficient release and discharge on account of the payment so made."
Claimant further argues that the rights and obligations between the claimant and Heritage are governed by the terms of their contract as evidenced by the account passbook. Griffin v.Centerville Savings Bank, 93 R.I. 47, 52 (1961). Claimant maintains that the depositors entered into a contract with Heritage that allowed either depositor to withdraw any or all of the funds in the account.
The Receiver however disagrees and argues that R.I.G.L. §19-11-4 and R.I.G.L. § 19-20-20 are not applicable to the instant case. In the instant case, the Receiver argues, the account simply states that it is payable to Falsco or DiMundo and not to Falsco or DiMundo or the survivor. Since there is no right of survivorship, the Receiver maintains that the above-cited statutes do not apply to the case at bar and what was created is therefore presumed to be a tenancy in common rather than a joint tenancy account. (It should be noted that claimant, in a Post-Hearing Brief states that the Receiver is claiming that a joint account exists. This is not correct and the Court assumes that the error is typographical in nature.)
The Receiver further argues that if in fact the account is held as tenants-in-common, a rebuttable presumption exists that each individual is entitled to one half of the account. Since the claimant failed to set forth any evidence to rebut the presumption, he is entitled to only one half of the account.
Although this Court would have found testimony in the case at bar helpful, the Court is not in agreement with the Receiver despite the well-reasoned argument. The case at bar is unusual in that no dispute to the claim has been filed by the other depositor to the account. Mario Falsco appears only to exist in the wilderness of mirrors that are the off line records of Heritage. It is common in cases such as this for two claims to be in conflict which requires testimony to determine the intention of the parties.
Since this is not the case, the Court will look to the agreement between the claimant and Heritage as evidenced by the account passbook. The account, as stated above, is in the name of Mario Falsco or Emanuele DiMundo with no right of survivorship included. No evidence was offered to indicate that the agreement is anything other than that which appears on the face of the passbook. This passbook would appear to indicate that the claimant, by presenting the passbook, had the right to withdraw any or all of the funds.
Claimant cites the case of People's Savings Bank v. Ryan,57 R.I. 411 (1937) to support this position. While the facts in this case were significantly different than the case at bar, the Rhode Island Supreme Court did state that:
 ". . . In the joint account in the instant case, the words `payable to either' can only mean that the whole or any part of the account may be withdrawn by either depositor presenting the passbook and by complying with other regulations of the bank governing the deposit to which depositors assented when they opened the account."
Furthermore, our Supreme Court stated in the Ryan case that ". . . In this State . . . the mere form of the deposit is not conclusive of the question".
In the case at bar, the claimant has presented a passbook to the account and has demanded payment. There are no other claims from any other depositor for the funds. This Court finds that the agreement between claimant and Heritage is evidence of the existence of a joint account and that claimant is therefore entitled to the funds in the account which has been stipulated to are in the amount of $96,293.06. However, this Court is of the understanding that claimant is also a borrower on a Heritage loan and therefore the sums hereby awarded are subject to sums that may be owed under said note.
Counsel will prepare an order according to this decision.